R. P. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34824. Promulgated May 5, 1930.

*William S. Hammers, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRAMMELL: Counsel for the respondent admitted at the hearing that the petitioner is entitled to a deduction of $950 as a loss sustained on the exchange of an automobile. This loss should, therefore, be allowed.

The remaining issue involves the consideration of two matters, namely, whether the loss of $68,000 resulting from the petitioner's payment in 1921 of notes of the Bowers Co. on which he was endorser, and the losses resulting in 1921 and 1922 from the sale of the stock owned by him in the Bowers Co., constitute net losses within the meaning of the term as used in the Act.

Section 204 of the Revenue Act of 1921 provides in part as follows:

(a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery and other capital assets, used in the conduct of such trade or business) ; * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The petitioner contends that the losses here involved were losses resulting from the operation and conduct of a trade or business

regularly carried on by him and that the excess thereof over the income for 1921 and 1922 is deductible in determining taxable income for 1923.

In order for the losses here involved to be deductible in determining taxable income for 1923 they must be net losses resulting from the operation of a trade or business regularly carried on by the petitioner and not from isolated and occasional transactions. *J. J. Harrington*, 1 B. T. A. 11; *Oscar E. Rehm*, 16 B. T. A. 1045.

With respect to the loss of $68,000 resulting from the petitioner's endorsement of the Bowers Co. notes, he testified that in endorsing the notes he was seeking to protect his investment in its stock. Aside from endorsing an undisclosed number of notes of this company there is nothing in the record to indicate that acting as endorser or guarantor constituted a business or trade with the petitioner. So far as the record shows these were the only notes ever endorsed by the petitioner for the Bowers Co. or for any other company or person. From the facts in the case we are of the opinion that the loss did not result from the operation of a trade or business regularly carried on by the petitioner, but resulted from isolated or occasional transactions. The petitioner's contention as to this item is denied. See *Edward Hines*, 18 B. T. A. 21, and *Wm. J. Robb*, 5 B. T. A. 827.

With respect to the remaining losses resulting from the sale of the Bowers Co. stock in 1921 and 1922, we do not think the petitioner's ownership of stock in a number of corporations which he held as an investment during 1921 and 1922 or the sale of some of such stock in those years constituted a business or trade regularly carried on by him. As to his being in the investment business, the petitioner testified as follows:

Q. Would you say you were in the investment business, Mr. Clark?
A. No, sir.

Since the petitioner was not in the investment business or engaged in the business of a dealer in securities, we think the losses resulting from the sale of the Bowers Co. stock in 1921 and 1922 constituted losses arising from occasional or isolated transactions and not from the operation of a business regularly carried on. The petitioner's contention as to them must also be denied. *J. L. Washburn*, 16 B. T. A. 1091, *Oscar E. Rehm, supra*.

*Judgment will be entered under Rule 50.*